IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE, TENNESSEE

| | |
|---|---|
| Universal Music Corp., Songs of Universal, Inc., Universal – Songs of Polygram International, Inc. and Rondor Music International, Inc. (d/b/a Almo Music Corp. and Irving Music, Inc.), <br><br> Plaintiffs, <br> v. <br><br> Tennessee Production Center, Inc. (d/b/a Chartbuster Karaoke), Debi Stovall, and Norbert Stovall, <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Plaintiffs, Universal Music Corp., Songs of Universal, Inc., Universal – Songs of Polygram International, Inc. and Rondor Music International, Inc. (d/b/a Almo Music Corp. and Irving Music, Inc.)(collectively, referred to herein as "UMPG") for their complaint against Tennessee Production Center, Inc. (d/b/a "Chartbuster Karaoke")(referred to herein as "TPC"), Debi Stovall, and Norbert Stovall, state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum of $75,000, exclusive or interests and costs and is between citizens of different states.

2. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in this District.

## THE PARTIES

3. Plaintiff Universal Music Corp. is a Delaware corporation having its principal place of business in California.

4. Songs of Universal, Inc., is a California corporation having its principal place of business in California.

5. Universal – Songs of Polygram International, Inc. is a Delaware corporation having its principal place of business in California.

6. Rondor Music International, Inc. (d/b/a Almo Music Corp. and Irving Music, Inc.) is a California corporation having its principal place of business in California.

7. Tennessee Production Center, Inc. (d/b/a "Chartbuster Karaoke")(referred to herein as "TPC") is a Tennessee corporation with its principal place of business at 10840 Chapman Highway, Seymour, Tennessee 37865.

8. Debi Stovall is a Tennessee resident.

9. Norbert Stovall is a Tennessee resident.

## FACTUAL BACKGROUND

10. TPC manufactures and distributes karaoke discs and recordings. Karaoke recordings are re-recordings of hit songs, with the lead vocal tracks either omitted (instrumental) so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track) which in some formats can be muted upon playback so that the karaoke recording may be listened to either with or without a lead vocal accompaniment.

11. Plaintiffs are music publishers that own or control copyrights in thousands of well known and popular music compositions that have been recorded and distributed by Defendants.

12. On January 6, 2005, UMPG filed suit against TPC for copyright infringement. On August 1, 2005, UMPG settled their lawsuit case with TPC (the "2005 Settlement Agreement"). As a material term of the 2005 Settlement Agreement, TPC was obligated to pay UMPG $1,010,000 by the end of March 2006 (the "Settlement Payment"). The Settlement Payment was guaranteed personally by Debi Stovall and Norbert Stovall.

13. Debi Stovall and Norbert Stovall executed a separate unconditional, continuing guaranty agreement on September 1, 2005 (the "Stovall Guaranty"). Debi Stovall and Norbert Stovall personally and individually guaranteed any indebtedness of TPC under the Settlement Agreement. A copy of the Stovall Guaranty is attached as Exhibit A.

14. On August 18, 2005, TPC and UMPG entered into a "Karaoke Synchronization Rights License" (the "2005 License"). The 2005 License granted TPC a limited license to manufacture and distribute certain UMPG musical compositions on the condition of advance and royalty payments to UMPG.

15. On September 7, 2005, TPC entered into a security agreement with UMPG (the "TPC Security Agreement"). The TPC Security Agreement granted UMPG a first priority security interest in the defined "Collateral" to secure all of the TPC's obligations under the 2005 License. "Collateral" is defined as all of TPC's "right, title and interest in, to and under the follow described property":

    (i)     the [2005] License Agreement and the License Rights;

    (ii)     all now existing or hereafter acquired or arising (w) Accounts arising from the exploitation and/or use of the License

Rights, (x) Goods, General Intangibles, Payment Intangibles, Inventory, and Supporting Obligations which pertain to, arise out of or are in connection with the License Rights, (y) all products and Accessions to any of the foregoing and (z) all Proceeds directly related to or arising out of any of the foregoing (including, without limitation, all Cash Proceeds, Noncash Proceeds, insurance policies and proceeds thereof); and

(iii) all present and future business records and information directly related to any of the Collateral described above, including, without limitation, computer tapes and other storage media containing the same and computer programs and Software (including, without limitation, source code, object code and related manuals and documentation and all licenses to use such Software) for accessing and manipulation such information.

16. As a material term of the TPC Security Agreement, Norbert Stovall, on behalf of TPC, represented and warranted that "all [of] the Collateral is free and clear of any prior Liens" and that TPC would "faithfully preserve and protect [UMPG's] security interest in the Collateral as a first priority perfected Lien under the Code, superior and prior to the rights of all third parties." A copy of the TPC Security Agreement is attached as Exhibit B.

17. TPC failed to pay the Settlement Payment. In addition, TPC failed to honor the terms of the 2005 License by failing to pay UMPG.

18. On June 1, 2010, UMPG agreed temporarily to withhold from suing TPC for breaching the 2005 Settlement Agreement and 2005 License on the condition that TPC pay the remaining balances owed (the "2010 Covenant Not to Sue"). At the time this document was executed, TPC owed UMPG $725,000.00 for the 2005 Settlement Agreement. The parties "acknowledge[d] and agree[d] that [TPC] materially breached the terms of the Settlement Agreement." Additionally, the parties "acknowledge[d] and agree[d] that [TPC] materially breached the terms of the [2005 License]" by failing to pay UMPG $207,315.00 in license fees.

4

19. The 2010 Covenant Not to Sue provided that TPC account to and pay UMPG an amount equal to five percent (5%) of TPC's gross income received during each calendar month going forward. In addition, the 2010 Covenant Not to Sue provided TPC a limited license for future, pre-approved product distributed and/or sold after July 2010, with royalty payments to be made on a quarterly basis.

20. TPC has refused to pay UMPG the remaining amounts owed pursuant to the 2005 Settlement Agreement.

21. TPC has refused to pay UMPG the remaining amounts owed pursuant to the 2005 License.

22. TPC has refused to pay UMPG the amounts owed pursuant to the 2010 Covenant Not to Sue. Moreover, TPC has failed to account to UMPG pursuant to the 2010 Covenant Not to Sue.

## CLAIM FOR RELIEF
### Breach of Contract

23. Plaintiffs reallege and incorporate all of the allegations set forth in Paragraphs 1 through 22 above.

24. TPC had a contractual duty to pay UMPG pursuant to the 2005 Settlement Agreement, 2005 License, and 2010 Covenant Not to Sue. TPC had a contractual duty to pay any indebtedness pursuant to the terms of the TPC Security Agreement.

25. TPC breached the TPC Security Agreement by failing to pay its indebtedness to UMPG in an amount to be determined at trial. TPC breached the 2005 Settlement Agreement by failing to pay its indebtedness to UMPG in the amount of at least Seven Hundred Twenty Five Thousand Dollars ($725,000.00). TPC breached the 2005 License by failing to pay its

5

indebtedness to UMPG in the amount of at least Two Hundred Seven Thousand Three Hundred Fifteen Dollars ($207,315.00). TPC breached the 2010 Covenant Not to Sue by failing to pay its indebtedness in the amount of at least Sixty Seven Thousand One Hundred Three Dollars and five cents ($67,103.05). Demand was previously made to TPC for payment, and to date, TPC has refused payment. The total amount of the breach is comprised of at least One Million Two Hundred Thirty Two Thousand Five Hundred Fifteen Dollars and five cents ($1,232,515.05).

26. Defendants Debi and Norbert Stovall had a contractual duty to personally and individually pay any indebtedness of TPC to UMPG pursuant to the terms of the Stovall Guaranty.

27. Defendants Debi and Norbert Stovall breached the Stovall Guaranty by not repaying their indebtedness to UMPG in the amount of at least One Million Two Hundred Thirty Two Thousand Five Hundred Fifteen Dollars and five cents ($1,232,515.05). Defendants Debi and Norbert Stovall have refused any repayment and are therefore in breach of the Stovall Guaranty.

28. Defendants are liable, jointly and severally, to UMPG for damages in the amount of at least One Million Two Hundred Thirty Two Thousand Five Hundred Fifteen Dollars and five cents ($1,232,515.05), together with pre-judgment interest, post-judgment interest, attorney fees and costs, as provided within the 2005 Settlement Agreement, 2005 License, TPC Security Agreement, 2010 Covenant Not to Sue, and the Stovall Guaranty.

29. Plaintiffs are entitled to injunctive relief to preserve and protect their security interest in the Collateral described herein.

WHEREFORE, Plaintiffs demand:

(a) Judgment against Defendants, jointly and severally, in the amount of at least One Million Two Hundred Thirty Two Thousand Five Hundred Fifteen Dollars and five cents ($1,232,515.05);

(b) Judgment against Defendants, jointly and severally, for attorney fees and costs;

(c) Judgment against Defendants, jointly and severally, for pre- and post-judgment interest;

(d) An injunction to preserve and protect their security interest in the Collateral described herein; and

(e) For any and all further general relief which Plaintiffs may be entitled.

Respectfully submitted,

/s/Timothy L. Warnock\_\_\_\_\_
Timothy L. Warnock (BPR #12844)
Howell G. O'Rear (BPR#26509)
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
twarnock@rwjplc.com
horear@rwjplc.com
Ph. 615-320-3700

*Attorneys for Plaintiffs*