UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNIVERSAL MUSIC CORP., *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12-CV-300-PLR-CCS |
| | ) |
| TENN. PRODUCTION CENTER *d/b/a* | ) |
| CHARTBUSTER KARAOKE, | ) |
| DEBI STOVALL, and NORBERT STOVALL, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 19] and Plaintiffs' Motion for Attorney Fees [Doc. 40]. For the reasons stated herein, the undersigned **RECOMMENDS** that this motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

Plaintiffs are music publishers that own or control copyrights in thousands of popular music compositions that have been recorded and distributed by Defendants. On January 6, 2005, Plaintiffs filed suit against Defendant Tennessee Production Center ("TPC") for copyright infringement. On August 1, 2005, Plaintiffs settled their lawsuit case with TPC (the "2005 Settlement Agreement"). As part of the 2005 Settlement Agreement, TPC was obligated to pay Plaintiffs $1,010,000 by the end of March 2006 (the "Settlement Payment"). The Settlement

Payment was guaranteed personally by Defendants Debi Stovall and Norbert Stovall. (the "Stovall Guaranty.")

On August 18, 2005, TPC and Plaintiffs entered into a "Karaoke Synchronization Rights License" (the "2005 License"). The 2005 License granted TPC a limited license to manufacture and distribute certain musical compositions owned by the Plaintiffs, on the condition of advance and royalty payments to the Plaintiffs. On September 7, 2005, TPC entered into a security agreement with Plaintiffs (the "TPC Security Agreement"). The TPC Security Agreement granted Plaintiffs a first priority security interest in the defined "Collateral" to secure all of the TPC's obligations under the 2005 License.

TPC failed to pay the Settlement Payment and also failed to honor the terms of the 2005 License by paying the Plaintiffs. On June 1, 2010, Plaintiffs agreed temporarily to withhold from suing TPC for breaching the 2005 Settlement Agreement and 2005 License on the condition that TPC pay the remaining balances owed (the "2010 Covenant Not to Sue"). The 2010 Covenant Not to Sue provided that TPC account to and pay Plaintiffs an amount equal to five percent (5%) of TPC's gross income received during each calendar month going forward. In addition, the 2010 Covenant Not to Sue provided TPC a limited license for future, pre-approved product distributed and/or sold after July 2010, with royalty payments to be made on a quarterly basis.

Since that time, TPC has not paid the remaining amounts owed under the 2005 Settlement Agreement and the 2005 License. TPC has also failed to pay Plaintiffs the amounts owed pursuant to the 2010 Covenant Not to Sue and has failed to account to Plaintiffs pursuant to the 2010 Covenant Not to Sue.

On June 22, 2012, Plaintiffs filed the instant suit alleging breach of contract. TPC, Mr. Stovall, and Ms. Stovall were originally represented by counsel in this matter, and they answered the Complaint on August 17, 2012. [Doc. 8]. On December 17, 2012, the Plaintiffs filed a Motion for Judgment on the Pleadings [Doc. 10].

On February 21, 2013, counsel for TPC, Mr. Stovall, and Ms. Stovall filed a Motion to Withdraw as Counsel. The District Judge conducted a hearing on the Motion to Withdraw on April 15, 2013, and on April 16, 2013, he entered an Order granting the Motion to Withdraw. [Doc. 14]. This Order stated:

> The Defendants will be given up to and including June 15, 2013, either to obtain new counsel or notify the Court that the Defendants will be preceding *pro se*. Unless the Defendants obtain new counsel or otherwise appear, an entry of default judgment will be entered against the Defendants.
>
> It is further **ORDERED** that, after the Defendants obtain new counsel, the Defendants are granted an additional 60 days to respond to the Plaintiffs' Motion for Judgment on the Pleadings, if the Defendants so choose.

[Id. at 1]. A copy of this Order was mailed to the Defendants.

On October 25, 2013, the Plaintiffs filed a Request for Entry of Default [Doc. 17], moving the Court to enter default against TPC, Mr. Stovall, and Ms. Stovall, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, based upon a failure to defend. In support of this request, the Plaintiffs noted that the Defendants had never responded to the Motion for Judgment on the Pleadings. [Id. at 1]. On November 15, 2013, the Clerk's Entry of Default was docketed, [Doc. 18], and a copy of the Entry of Default was mailed to the Defendants.

On November 25, 2013, the Plaintiffs filed a Motion for Default Judgment [Doc. 19]. The Defendants did not file a timely response to the Motion for Default Judgment, and on February 19, 2014, the undersigned entered an Order setting a hearing to address the damages to

3

be awarded to Plaintiffs for March 21, 2014. A copy of this Order was mailed to the Defendants, but on March 20, 2014, the Court became aware of a typographical error that could have potentially interfered with the Defendants receiving the Order by mail. Accordingly, on March 20, 2014, the Court entered a Memorandum and Order [Doc. 29], explaining the potential error and setting a hearing on damages for April 16, 2014. The Clerk of Court sent this Memorandum and Order, via certified mail, to Debi Stovall, at 400 Ensley Drive, Knoxville, TN 37920, to Norbert Stovall, at 400 Ensley Drive, Knoxville, TN 37920, and to TPC, at 10840 Chapman Highway, Seymour, TN 37865 and at 400 Ensley Drive Knoxville, TN 37920.[1] All of these mailings were returned to the Court as "return to sender / unclaimed / unable to forward," prior to the hearing. [Docs. 33, 34, 35, 36].

The Court conducted the hearing on damages on April 15, 2014. Counsel for the Plaintiffs was present and Ronald Stuve, an employee of the Plaintiffs, presented testimony regarding the song catalogs on which Defendants are alleged to have infringed. Mr. Stuve testified that TPC paid Plaintiffs $61,729.64 pursuant to this contractual obligation and last made a payment in January 2012, but otherwise, Defendants failed to comply with their contract obligations. Mr. Stovall and Ms. Stovall did not appear at the hearing, and no representative appeared on behalf of TPC. Counsel for the Plaintiffs represented to the Court that he believed the Plaintiffs and the Court had taken all reasonable steps to provide the Defendants notice of the hearing before the undersigned and that Defendants had elected not to appear before the Court.

---

[1] These addresses are the only addresses that the Defendants have provided to the Court. Local Rule 83.13 states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. <u>Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address.</u>" Thus, the Defendants had an affirmative duty to notify the Court and the Plaintiffs if their addresses changed. Because the Defendants have not notified the Court of a change in address, the Court must use the addresses provided.

Following the hearing, the Plaintiffs filed their Motion for Attorneys' Fees and Costs [Doc. 40], which moved the Court to award Plaintiffs $18,072.18 in attorneys' fees. This request includes both the attorneys' fees previously requested and the fees incurred as part of litigating the Motion for Default Judgment.

## II. FINDINGS

The Court finds that the Motion for Default is now ripe for adjudication. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations and proposed findings of fact as set forth by the Plaintiffs. The Court accepts all such allegations and finding of facts.

Further, the Court **FINDS**, based upon credible evidence, that:

1. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive or interests and costs, and the controversy is between citizens of different states.

2. Defendants are subject to personal jurisdiction in this District.

3. TPC breached its contractual duty to pay Plaintiffs pursuant to the 2005 Settlement Agreement, 2005 License, and 2010 Covenant Not to Sue. TPC also breached its contractual duty to pay any indebtedness to Plaintiffs pursuant to the terms of the TPC Security Agreement.

4. Debi Stovall and Norbert Stovall personally and individually guaranteed any indebtedness of TPC under the 2005 Settlement Agreement, as well as any "amendments, supplements, modifications, renewals, replacements or extensions" of the amount owed.

[Doc. 37-5 at 1]. Defendants Debi and Norbert Stovall breached the Stovall Guaranty by failing to paying the money owed to the Plaintiffs.

5. Plaintiffs are entitled to a judgment on the pleadings against TPC for breach of contract and breach of security agreement and against Debi and Norbert Stovall for their breach of guaranty, plus pre-judgment interest, post-judgment interest, attorney fees and costs.

6. The 2005 Settlement Agreement and the Stovall Guaranty provided for an award of attorneys' fees and expenses to Plaintiffs, [*see* Doc. 37-2 at 2; Doc. 37-5 at 8], and having reviewed the Motion for Attorneys' Fees and Costs, with its accompanying affidavits and billing records, the Court finds that the $18,072.18 requested is reasonable for this litigation.

7. The 2010 Covenant Not to Sue provides that, in case of non-payment, the amounts owing would be subject to an interest rate of prime rate plus 2% [Doc. 37-1 at 2].

8. The Motion for Default Judgment and Motion for Attorneys' Fees and Costs should be **GRANTED** in that judgment should be entered against Defendants, jointly and severally:

   a. For damages, in the amount of **$1,231,475.17**, which includes prejudgment interest, [*see* Doc. 37 at 3];[2]

   b. For attorney fees and costs in the amount of **$18,072.18,** which represents the fees and costs reasonably incurred in this litigation; and

   c. For post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the

---

[2] *Contra* the $1,231,475.17 requested in the Plaintiffs' Pre-Hearing Brief [Doc. 37 at 3], with the $1,480,372.42 requested in the Plaintiffs' Motion for Default Judgment [Doc. 19 at 1]. The Court finds that the $1,231,475.17 requested in the Plaintiffs' Pre-Hearing Brief is supported by the factual allegations presented. [See Doc. 37]. Moreover, Mr. Stuve testified that $1,231,475.17 was the amount owing at the hearing on April 16, 2014.

Board of Governors of the Federal Reserve System, for the calendar week preceding the entry of judgment.

9. The Motion for Default Judgment should be **DENIED** to the extent it seeks relief beyond the relief stated above, *see supra ¶ 8(a)-(c).*

10. By requesting payment of costs pursuant to their Motion for Attorneys' Fees and Costs, the Plaintiffs have waived their right to file a Bill of Costs with the Clerk of Court.

**III. RECOMMENDATIONS**

Based upon these findings, the undersigned **RECOMMENDS**[3] that:

1. The Motion for Default Judgment **[Doc. 19]** and Motion for Attorneys' Fees and Costs **[Doc. 40]** be **GRANTED** in that judgment should be entered against Defendants, jointly and severally:

    a. For damages, in the amount of **$1,231,475.17**, which includes prejudgment interest;

    b. For attorney fees and costs in the amount of **$18,072.18,** which represents the fees and costs reasonably incurred in this litigation; and

    c. For post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the entry of judgment.

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

2. The Motion for Default Judgment should be **DENIED** to the extent it any relief beyond that identified above, *see supra ¶ 1(a)-(c)*.

                                                    Respectfully Submitted,[4]

                                                    s/ C. Clifford Shirley, Jr.
                                                    United States Magistrate Judge

---

[4] Consistent with the practice of mailing filings to *pro se* litigants, the Clerk of Court is **ORDERED** to mail a copy of this Report and Recommendation to Debi Stovall, at 400 Ensley Drive, Knoxville, TN 37920, to Norbert Stovall, at 400 Ensley Drive, Knoxville, TN 37920, and to TPC, at 10840 Chapman Highway, Seymour, TN 37865 and at 400 Ensley Drive Knoxville, TN 37920. *See* n. 1.